IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT WHEELING

U.S. DISTRICT COURT
FILED AT WHEELING, WV

NOV 1 8 2002

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

**HARRY MOORE,**
individually and on Behalf of All Others
Similarly Situated,

      Plaintiff,

v.

**PHILLIP MORRIS COMPANIES, INC.,**
a corporation, and **PHILLIP MORRIS INCORPORATED**, a corporation,

      Defendant.

Civil Action No. 5:01CV120
(Hon. Irene M. Keeley, Chief Judge)

## STIPULATION

1. On August 10, 2001, plaintiff Harry Moore commenced a putative class action lawsuit styled *Moore v. Philip Morris Companies, Inc., et al.*, in the Circuit Court of Marshall County, West Virginia. The lawsuit asserts claims against defendants Philip Morris Companies, Inc. and Philip Morris Inc. for alleged violations of the West Virginia Consumer Credit and Protection Act in connection with the design, manufacture, advertising and promotion of Marlboro Lights cigarettes.

2. On October 9, 2001, the defendants removed the case to the United States District Court for the Northern District of West Virginia based on their belief that diversity jurisdiction existed in that court and that the amount in controversy exceeded $75,000.

3. Pursuant to a status conference held by the Court on December 6, 2001, the Court inquired as to the nature of the claims and damages at issue in this litigation. As an aid to the Court in its consideration of the jurisdictional issues raised in connection with

plaintiff's motion to remand this case to the Circuit Court of Marshall County, West Virginia, plaintiff Harry Moore, by counsel, hereby stipulates as follows:

A. The plaintiff and the putative class in this litigation are seeking only those damages permitted under the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-106(1), including an individual refund of the purchase price for the so-called "lowered tar and nicotine" cigarettes as described in the Complaint which were purchased by each putative class member, or alternatively, the diminished value of the low tar cigarettes purchased by each putative class member, and costs of the suit and attorney fees, all in an amount not exceeding $75,000 per class member.

B. Plaintiff and the putative class do not and will not assert claims for injunctive relief, damages in the form of addiction, emotional harm, smoking cessation or medical monitoring, disgorgement of profits,[1] or punitive damages.

C. Plaintiff does not and will not seek on behalf of himself nor any member of the class any damages, on an individual basis, in excess of $75,000 as part of this class action.

---

[1] Plaintiff's Complaint does not now and will not in the future seek "disgorgement of profits" as that term is traditionally defined in the context of claims for unjust enrichment. In fact, Plaintiff's Complaint does not even contain and will not be amended to include a count for unjust enrichment. However, as the Court noted at the December 6, 2001 status conference, Plaintiff is seeking a refund of the purchase price of the low tar cigarettes purchased, or alternatively the diminished value of the low tar cigarettes purchased, under the consumer fraud statute. (12/06/01 Trans. at 11.) To the extent that such damages might be described by Defendants or others to include Defendants' "profits" from the sale of their light cigarettes, then Plaintiff does seek such profits as part and parcel of the refund damages sought by the Complaint.

Stipulated:

_____
Joshua I. Barrett, Esq. (Bar No. 252)
Sean P. McGinley, Esq. (Bar No. 5836)
**DiTRAPANO BARRETT & DiPIERO, PLLC**
604 Virginia Street, East
Charleston, WV 25301
(304) 342-0133

Herbert E. Milstein, Esq.
Lisa M. Mezzetti, Esq.
Stephen D. Annand, Esq.
Molly McGinley Han, Esq.
**COHEN MILSTEIN HAUSFELD & TOLL, PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
(202) 408-4600

Richard Volin, Esq.
**FINKELSTEIN, THOMPSON & LOUGHRAN**
Duvall Foundry
1050 30th Street, NW
Washington, D.C. 20007

Marc C. Saperstein, Esq.
**DAVIS SAPERSTEIN & SOLOMON, PC**
Suite 200
20 Versey Street
New York, NY 10007

Stephen A. Sheller, Esq.
**SHELLER LUDWIG & BADEY**
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I, Sean P. McGinley, Esquire of the law firm of DiTrapano, Barrett & DiPiero, PLLC as counsel on behalf of Plaintiff Harry Moore, do hereby certify that a true and correct copy of the foregoing Plaintiff's **STIPULATION** was served upon counsel of record by via first-class mail, postage prepaid on this 15th day of November, 2002:

Rebecca A. Betts, Esquire
David B. Thomas, Esq.
Phillip Combs, Esq.
**ALLEN, GUTHRIE & MCHUGH**
P.O. Box 3394
Charleston, WV 25333-3394

Michael F.R. Harris, Esquire
Judy L. Leone, Esq.
Arthur Newbold, Esq.
**DECHERT PRICE & RHOADS**
400 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103

Sean P. McGinley, Esq. (WV Bar NO. 5836)
DiTrapano, Barrett & DiPiero, PLLC
604 Virginia Street, East
Charleston, WV 25301   (304) 342-0133