## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT WHEELING

**HARRY MOORE,** individually
and on Behalf of All Others
Similarly Situated,

        Plaintiff,

v.                                  Civil Action No. 5:01CV120
                                  (Hon. Irene M. Keeley, Chief Judge)

**PHILIP MORRIS INCORPORATED,**
a corporation,

        **Defendant.**

### STIPULATION

Pursuant to a conference held by the Court on December 6, 2001, with respect to the nature of the claims and damages at issue in this litigation, and as an aid to the Court in its consideration of the jurisdictional issues raised in connection with plaintiff's motion to remand this case to the Circuit Court of Marshall County, West Virginia, plaintiff Harry Moore, individually and by counsel, and defendant Philip Morris Incorporated, by counsel, hereby stipulate and agree as follows:

1. This stipulation governs and applies to this litigation, whether in federal court or in a court of the State of West Virginia.

2. The plaintiff and the putative class in this litigation are seeking only those damages permitted under the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-106(1)[1], including an individual refund of the purchase price of the low tar cigarettes purchased by each putative class member, or alternatively, the diminished value of the low tar cigarettes purchased by each putative class

---

[1] By entering into this Stipulation, Philip Morris Incorporated reserves all defenses to any claims plaintiff may have, including its opposition to this claim proceeding as a class action.



member, and costs of the suit and attorney fees, all in an amount not exceeding $75,000 per class member.

3. The plaintiff and the putative class do not and will not assert, for the entirety of this litigation, claims against Philip Morris Companies Inc. and Philip Morris Incorporated arising out of their purchases of Marlboro Lights cigarettes, for the following categories of relief:

    a.    Injunctive or other equitable relief, disgorgement, or restitution of profits. For purposes of this litigation, it is understood by the parties that plaintiff is seeking, under the consumer fraud statute, an individual refund of the purchase price of the low tar cigarettes purchased by each putative class member, or alternatively, the diminished value of the low tar cigarettes purchased by each putative class member;

    b.    Punitive damages;

    c.    Damages for personal injury;

    d.    Damages for addiction to, or dependence upon, cigarette smoking;

    e.    Damages for emotional harm;

    f.    Damages for the cost of smoking cessation programs and/or aids; or

    g.    Medical monitoring.

4. Neither plaintiff nor any member of the class which he seeks to represent is seeking any damages, on an individual basis, in excess of $75,000 and will not seek damages in excess of $75,000, as part of this class action.

5. Unless otherwise requested by the Court, plaintiff's motion to remand is deemed submitted by the parties for final decision by the Court upon the filing of this stipulation.

Stipulated and agreed:

For Plaintiff:

_____
Harry Moore, Plaintiff

_____
Rudolph L. DiTrapano, Esq. (Bar No. 1042)
Joshua I. Barrett, Esq. (Bar No. 252)
Sean P. McGinley, Esq. (Bar No. 5836)
**DiTRAPANO BARRETT & DiPIERO, PLLC**
604 Virginia Street, East
Charleston, WV 25301
(304) 342-0133

_____
Herbert E. Milstein, Esq.
Lisa M. Mezzetti, Esq.
Stephen D. Annand, Esq.
Molly McGinley Han, Esq.
**COHEN MILSTEIN HAUSFELD & TOLL, PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
(202) 408-4600
       *Counsel for Plaintiff*

For Defendant:

_____
David B. Thomas, Esq. (State Bar No. 3731)
Rebecca A. Betts, Esq. (State Bar No. 329)
Philip J. Combs, Esq. (State Bar No. 6056)
**ALLEN GUTHRIE & McHUGH**
1300 Bank One Center
P. O. Box 3394
Charleston, WV  25333-3394
(304) 345-7250
> *Counsel for Philip Morris Incorporated*

5